IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEJANDRO GOMEZ-GARCIA, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| GWINNETT COUNTY POLICE | : | CIVIL ACTION NO. |
| DEPARTMENT et al., | : | 1:13-CV-599-TWT-LTW |
| Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Giles W. Dalby Correctional Facility in Post, Texas.

Plaintiff, pro se, seeks relief under 42 U.S.C. § 1983 from police officials in Gwinnett

County, Georgia. The Court granted Plaintiff leave to proceed *in forma pauperis*, and

the case is ready for screening under 28 U.S.C. § 1915A.

Federal courts must screen prisoner complaints to determine whether the action:

(1) is frivolous or malicious or fails to state a claim on which relief may be granted;

or (2) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a

claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276,

1291 (11th Cir. 2010). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff

must allege that: (1) an act or omission deprived him of a right, privilege, or immunity

secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff alleges that Gwinnett County police arrested him on July 9, 2009, for unlawful possession of a controlled substance. (Doc. 1 at 3-4.) The police seized Plaintiff's personal property at the time of the arrest, including money, jewelry, and cellular phones. (*Id.*) Plaintiff contends that the seizure of his property was unlawful and that the property must be returned to him because procedural requirements were not complied with after his arrest. (*Id.*) Plaintiff's complaint is liberally construed as asserting claims that Gwinnett County officials unlawfully seized his property in 2009 and ultimately deprived him of the property without due process. (*See id.*)

Plaintiff seeks the return of his personal property or an amount of damages equivalent to its value, interest, and litigation costs. (*Id.* at 4.) Plaintiff filed a motion for return of the property in his criminal case in this Court, but the Court denied the motion because the federal government does not have the property. *See* Order, *United States v. Gomez-Garcia*, No. 1:11-cr-9-ODE-4 (N.D. Ga. Jan. 18, 2013.) Plaintiff then filed this suit against the local police officials who seized the property when they arrested him.

2

Plaintiff has not stated a claim upon which relief may be granted under § 1983 because it is apparent from the face of his complaint that his claims are barred by the statute of limitations. The statute of limitations for claims brought under § 1983 is two years in Georgia, *i.e.,* complaints like Plaintiff's that allege constitutional violations by local government officials must be filed with the court within two years of the alleged constitutional violation. *See Thigpen v. Bibb County*, 223 F.3d 1231, 1243 (11th Cir. 2000).

A pro se prisoner's § 1983 complaint is deemed filed with the court on the date the prisoner gives the complaint to prison officials for mailing. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001) ("[T]his circuit considers . . . section 1983 complaints . . . 'filed' when a *pro se* prisoner delivers . . . them to a prison official for mailing"). Plaintiff does not indicate when he gave his complaint to prison officials for mailing, but he avers that he executed it on February 18, 2013. (Doc. 1 at 5.) Because there is no evidence that Plaintiff gave his complaint to prison officials for mailing on a date other than the date he executed it, the complaint is deemed filed on February 18, 2013. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Any claims based on events occurring prior to February 18, 2011, are therefore barred by the two-year statute of limitations.

3

Plaintiff alleged in his complaint that Gwinnett County police unlawfully seized his personal property on July 9, 2009, the day they arrested him. Plaintiff knew of the seizure on that date and should have filed any claim that the seizure was unlawful within two years of that date. *See Holt v. Valls*, 395 F. App'x 604, 606 (11th Cir. 2010) ("Because Holt filed this lawsuit on September 15, 2008, more than two years after the alleged unlawful seizure of his property on March 20, 2006, the Fourth Amendment claim he raises is barred by the statute of limitations."). Plaintiff also should have known of any claim for unlawful retention of his property without due process no later than two years before he filed suit given that the property was seized over three and a half years before he filed suit and has never been returned. In short, because the events that form the basis of Plaintiff's claims occurred more than two years before he filed this action, his claims are barred by the statute of limitations.

Plaintiff's due process claim regarding the retention or forfeiture of his property is not viable, even if not time-barred, because there is an adequate remedy under state law for the alleged unlawful deprivation of that property. A local government's intentional deprivation of an individual's property does not violate the Fourteenth Amendment's Due Process Clause if a meaningful post-deprivation remedy is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Georgia law

4

AO 72A
(Rev.8/82)

provides such a remedy – a cause of action for injuries to property, including "[a]ny deprivation of . . . possession." *See* O.C.G.A. §§ 51-10-1 through 51-10-6; *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (finding no procedural due process violation because Georgia "has provided an adequate postdeprivation remedy" in O.C.G.A. § 51-10-1 (quotation marks omitted)). Plaintiff's due process claim therefore fails even if it was timely asserted.[1] *See Stickels v. Chief of Police, Gwinnett Cnty. Police Dep't*, 279 F. App'x 790, 791 (11th Cir. 2008) (holding Georgia provided adequate post-deprivation remedy for county police department's allegedly wrongful seizure and retention of arrestee's property); *Rymer v. Douglas Cnty.*, 764 F.2d 796, 803 (11th Cir. 1985) ("A county and its officials can be sued under Georgia law [for intentional deprivation of property].").

---

[1] Plaintiff's Fourth Amendment claim also would fail, even if timely, because Plaintiff alleged no facts in his complaint to support his conclusory allegations that the initial seizure of his property was "unlawful[]" and "deprive[d] Plaintiff of his constitutional rights." (*See* Doc. 1 at 3-4.) "[L]abels and conclusions[,] . . . naked assertion[s] devoid of further factual enhancement," and "the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a viable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED** this 2 day of April , 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

6